**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **WANDA BAKER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-17-500-STE** |
| | ) | |
| **NANCY A. BERRYHILL, Acting** | ) | |
| **Commissioner of the Social Security** | ) | |
| **Administration,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration denying Plaintiff's application for disability insurance benefits under the Social Security Act. The Commissioner has answered and filed a transcript of the administrative record (hereinafter TR. ____). The parties have consented to jurisdiction over this matter by a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

The parties have briefed their positions, and the matter is now at issue. Based on the Court's review of the record and the issues presented, the Court **REVERSES AND REMANDS** the Commissioner's decision.

## I.     PROCEDURAL BACKGROUND

Initially and on reconsideration, the Social Security Administration denied Plaintiff's application for benefits. Following an administrative hearing, an Administrative Law Judge (ALJ) issued an unfavorable decision. (TR. 13-21). The Appeals Council denied Plaintiff's

request for review. (TR. 1-3). Thus, the decision of the ALJ became the final decision of the Commissioner.

## II.  THE ADMINISTRATIVE DECISION

The ALJ followed the five-step sequential evaluation process required by agency regulations. *See Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005); 20 C.F.R. §404.1520. At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since March 21, 2014, the alleged disability onset date. (TR. 15). At step two, the ALJ determined Ms. Baker had the following severe impairments: diabetes mellitus and neuropathy in both hands and feet. (TR. 15). At step three, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the presumptively disabling impairments listed at 20 C.F.R. Part 404, Subpart P, Appendix 1 (TR. 17).

At step four, the ALJ concluded that Ms. Baker retained the residual functional capacity (RFC) to:

> [P]erform light work as defined in 20 CFR 404.1567(b) except no lifting or carrying more than 20 pounds occasionally and 10 pounds frequently; pushing/pulling limitations are consistent with lifting and carrying limitations; stand and/or walk 2 hours in an 8-hour workday (walk for 30 minutes at a time; stand 30 minutes at a time); and sit 6-8 hours in an 8-hour workday. The claimant cannot climb ladders, ropes, or scaffolds. She can occasionally climb stairs, balance, bend, or stoop, kneel, crouch, and crawl. She is limited to concentrated (occasional) vibration, hazardous fast machinery, and unprotected heights.

(TR. 18). With this RFC, the ALJ concluded that Plaintiff was capable of performing her past relevant work as a Billing Clerk and a Loan Collector/Processor. (TR. 20). Accordingly, the ALJ concluded, at step four, that Ms. Baker was not disabled. (TR. 20-21).

## III. ISSUES PRESENTED

On appeal, Plaintiff alleges the ALJ erred in his consideration of: (1) a consultative examiner's opinion, (2) Plaintiff's "severe" impairment involving neuropathy, and (3) Plaintiff's "non-severe" impairment involving urinary frequency.

## IV. STANDARD OF REVIEW

This Court reviews the Commissioner's final "decision to determin[e] whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Wilson v. Astrue*, 602 F.3d 1136, 1140 (10th Cir. 2010). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quotation omitted).

While the court considers whether the ALJ followed the applicable rules of law in weighing particular types of evidence in disability cases, the court will "neither reweigh the evidence nor substitute [its] judgment for that of the agency." *Vigil v. Colvin*, 805 F.3d 1199, 1201 (10th Cir. 2015) (internal quotation marks omitted).

## V. THE CONSULTATIVE PHYSICIAN'S OPINION

Ms. Baker alleges that the ALJ erred in his consideration of the opinion from consultative examining physician, Dr. Jim Burke. (ECF No. 14:2-6). According to Plaintiff: (1) Dr. Burke's opinion supported limitations involving breathing, reaching, handling, and the use of a cane which should have been included in the RFC and (2) the ALJ failed to explain why he had discounted the limitations and what weight he had accorded Dr. Burke's opinion. (ECF No. 14:2-6). The Court agrees, but only with respect to the use of a cane.

### A. Dr. Burke's Opinion

On June 18, 2014, Dr. Burke physically examined Ms. Baker, and made the following relevant findings:

- Reduced range of motion in Plaintiff's right shoulder,

- Normal range of motion in Plaintiff's left shoulder, elbows, wrists, and hands,

- No evidence of digital nodularity,

- Grip strength rated at "5/5,"

- "Normal" hand skills,

- Limited range of motion in the right knee,

- "Adequate" finger to thumb opposition,

- "Normal" "fine tactile manipulation of objects,"

- "Regular" heart rate and rhythm,

- "Normal" breath sounds "without rales or rhonchi,"

- "Normal" toe and heel walking on the left,

- "Weak" toe and heel walking on the right,

- Plaintiff "ambulate[d] in a stable and safe gait at an appropriate speed with a cane in her right hand. She can ambulate without the cane for short distances[,]" and

- Plaintiff could effectively manipulate small objects and grasp tools.

(TR. 398, 400, 401, 402).

### B. The ALJ's Consideration of Dr. Burke's Opinion

"It is the ALJ's duty to give consideration to all the medical opinions in the record. He must also discuss the weight he assigns to such opinions." *Keyes-Zachary v. Astrue*,

695 F.3d 1156, 1161 (10th Cir. 2012). However, the Tenth Circuit has found that the ALJ's failure to expressly weigh a consultative physician's opinion is harmless if the RFC "is generally consistent with the opinion." *Id.* at 1163.

In the decision, the ALJ recited all of Dr. Burke's opinions, but did not expressly weigh them. (TR. 19). Ms. Baker alleges that the ALJ's failure to weigh and explain Dr. Burke's findings constituted legal error because they "stand in contrast to the RFC limitations and the work that Ms. Baker can actually perform." (ECF No. 14:2-3). Specifically, Plaintiff argues that the error relates to limitations involving Plaintiff's abilities to: reach overhead, handle, breathe, and walk with the use of a cane. (ECF No. 14:2-6).

### Reaching Overhead, Breathing, and Handling

Ms. Baker alleges that "the RFC conflicts with Dr. Burke's opinion because there are no breathing limitations, no overhead reaching limitation, and insufficient hand limitations[.]" (ECF No. 14:3). Apparently, Plaintiff believes that Dr. Burke had opined limitations related to Plaintiff's ability to reach overhead, breathe, and handle. Ms. Baker is incorrect.

Dr. Burke opined that Ms. Baker had a limited range of motion in her right shoulder, but the physician did not state that this restriction would cause any specific work-related limitations in her ability to reach. (TR. 398, 401). Also, Dr. Burke opined no handling limitations, and in fact stated that Plaintiff had:

- no evidence of digital nodularity,

- a grip strength rated at "5/5,"

- "normal" hand skills,

- "adequate" finger to thumb opposition, and

- the ability to manipulate small objects and grasp tools.

(TR. 398, 401-402). Finally, Dr. Burke stated that Plaintiff's heart rate and rhythm were "regular" and her breath sounds were "normal without rales or rhonchi." (TR. 398). Dr. Burke's opinion was consistent with the RFC which did not include limitations related to Plaintiff's reaching, handling, or breathing. *Compare* TR. 18 *with* TR. 397-403. Thus, under *Keyes-Zachary*, the ALJ's error in failing to accord weight to this portion of Dr. Burke's opinion was harmless.

### Use of a Cane

Plaintiff also argues that the RFC conflicted with Dr. Burke's opinion regarding Plaintiff's use of a cane and the ALJ erred in failing to weigh and explain this portion of the opinion. (ECF No. 14:5-6). The undersigned agrees. At the examination, Dr. Burke stated: "[Plaintiff] ambulate[d] in a stable and safe gait at an appropriate speed with a cane in her right hand. She can ambulate without the cane for short distances[.]" (TR. 398). The ALJ acknowledged the opinion, but failed to state whether he had accorded it any weight. (TR. 19). The error is not harmless in this instance, because Dr. Burke's opinion appears to conflict with the RFC.

At the hearing, Plaintiff testified that she walked with a cane because she "gets a little wobbly sometimes." (TR. 58). Ms. Baker stated that she did not always use the cane if she was able to steady herself on her large dog or hold on to things around the house. (TR. 58). The RFC did not allow for a cane, and stated that Ms. Baker could walk 30 minutes at one time, for a total of 2 hours in an 8-hour workday. (TR. 18). But the ability

to walk for 30 minutes at one time without a cane does not equate with the ability to walk "short distances" without a cane and the ALJ erred in failing to resolve the conflict or otherwise explain his treatment of Dr. Burke's opinion regarding the cane. *See Abla v. Astrue*, No. CIV.A. 11-1231-JWL, 2012 WL 3611210, at *7 (D. Kan. Aug. 22, 2012) (finding error in the ALJ's failure to explain a "material inconsistenc[y]" between a medical opinion which stated that the plaintiff could "walk short distances without the help of a cane" and an RFC which allowed for the plaintiff to "walk two hours in an 8–hour workday for periods not exceeding 30 minutes at a time.")

The error is exacerbated by the ALJ's failure to explain his treatment of Plaintiff's hearing testimony on the issue. At the hearing, Plaintiff testified that she used a cane for balance and could only walk to "the mailbox and back." (TR. 57-58). The ALJ acknowledged the testimony, found Plaintiff to be only "partially credible," but failed to explain whether he had believed her testimony about walking and/or needing a cane. *See* TR. 18, 20.

The Commissioner attempts to defend the ALJ's decision by citing a treatment note where a physician had stated that Ms. Baker did not use an assistive device to ambulate. (ECF No. 16:8, *see* TR. 888). But the ALJ did not rely on this evidence to reject Dr. Burke's opinion or Plaintiff's testimony concerning her need to use a cane. Accordingly, the Court should reject Ms. Berryhill's argument because the Court is not permitted to supply *post hoc* rationales to uphold the Commissioner's decision. *See Haga v. Astrue,* 482 F.3d 1205, 1207 (10th Cir. 2007) ("[T]his court may not create or adopt post-hoc rationalizations to support the ALJ's decision that are not apparent from the ALJ's decision itself."); *Hackett*

*v. Barnhart*, 395 F.3d 1168, 1173 (10th Cir. 2005) (the Court should not "substitute [its] judgment for that of the Commissioner.").

## VI. NEUROPATHY

At step two, the ALJ concluded that Plaintiff suffered from severe neuropathy in both hands. (TR. 15). As a result, Ms. Baker argues that the ALJ should have included limitations in the RFC related to reaching, handling, feeling, and fingering. (ECF No. 14: 4-5). The Court disagrees.

Plaintiff apparently believes that a "severe" impairment should necessarily result in related limitations in the RFC. Ms. Baker is wrong. *See Cavalier v. Colvin*, 2014 WL 7408430, at *2 (N.D. Okla. 2014) (noting that the presence of an impairment, albeit severe, does not necessarily equate to corresponding limitations in the RFC). The RFC need only include such limitations as the medical record substantially supports. *See Kirkpatrick v. Colvin*, 663 F. App'x. 646, 650 (10th Cir. 2016) ("Clearly, an ALJ doesn't commit error by omitting limitations not supported by the record"); *Arles v. Astrue*, 438 F. App'x. 735, 740 (10th Cir. 2011) (rejecting plaintiff's claim that a limitation should have been included in his RFC because "such a limitation has no support in the record").

Here, Plaintiff cites no evidence that the neuropathy in her hands caused limitations in her ability to handle, reach, finger or feel, and the Court will not comb the record for evidentiary support. *See Kirkpatrick v. Colvin*, 663 F. App'x. at 649 (noting that "it isn't [the Court's] obligation to search the record and construct a party's arguments."). Absent any evidentiary support, the ALJ was under no duty to find the related limitations in the RFC. *See McNally v. Astrue*, 241 F. App'x. 515, 518 (10th Cir. 2007) ("with regard

to [her severe impairments], the claimant has shown no error by the ALJ because she does not identify any functional limitations that should have been included in the RFC assessment or discuss any evidence that would support the inclusion of any limitations") (citation omitted).

## VII.   URINARY FREQUENCY

Finally, Plaintiff argues: "The ALJ erred by not properly considering the nonsevere impairment[] [of urinary frequency] in determination of RFC." (ECF No. 14:9). In support of this argument, Plaintiff points to two records which documented her "leaking and going frequently," and then states: "If Ms. Baker has to go to the bathroom frequently, other than on regular breaks twice a day and at lunch, that will erode the job base. Plaintiff further argues that the ALJ's failure to ask pertinent VE hypothetical questions about this critical vocational issue was error and caused the hypothetical questioning to be flawed." (ECF No 14:9). The Court rejects this argument.

The records which Plaintiff cited did not include any specific information regarding the frequency with which Ms. Baker would need to take bathroom breaks. *See* TR. 437-439, 549. Specifically, there is no evidence in these records that Ms. Baker would need to use the bathroom "frequently," outside of regular breaks and lunch. Accordingly, the ALJ was not required to include limitations in the RFC related to urinary frequency. *See McNally, supra.* Because the ALJ did not need to include limitations in the RFC related to urinary frequency, no error exists in the resulting inquiry to the VE. *See Evans v. Chater,* 55 F.3d 530, 532 (10th Cir. 1995) (a hypothetical question need only reflect the impairments borne out by the record); *Carver v. Colvin,* 600 F. App'x. 616, 621 (10th Cir.

2015) (no error in the hypothetical question to the VE which reflected RFC limitations deemed sufficient).

**ORDER**

The Court has reviewed the medical evidence of record, the transcript of the administrative hearing, the decision of the ALJ, and the pleadings and briefs of the parties. Based on the forgoing analysis, the Court **REVERSES AND REMANDS** the Commissioner's decision for additional administrative development.

ENTERED on December 15, 2017.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE